## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EMMETT JEFFREY BANKS,** **TDCJ No. 01968852,** | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-20-CA-0852-DAE |
| **BOBBY LUMPKIN,**[1] **Director,** **Texas Department of Criminal Justice,** **Correctional Institutions Division,** | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Emmett Jeffrey Banks's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplemental Memorandum in Support (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply thereto (ECF No. 13). Petitioner challenges the constitutionality of his 2014 state court convictions for aggravated sexual assault of a child and indecency with a child by contact, arguing (1) his sentence was improperly enhanced, (2) his convictions violate Double Jeopardy principles, (3) he is actually innocent, and (4) he received ineffective assistance from his trial counsel. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons

---

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In November 2014, Petitioner was convicted by a Comal County jury of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. Petitioner received life sentences for each count, with the sentences to run concurrently. *State v. Banks*, No. CR2013-542 (207th Dist. Ct., Comal Cnty., Tex. Nov. 6, 2014) (ECF No. 11-19 at 93-105). Petitioner's convictions were affirmed on direct appeal in a published opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on March 22, 2017. *Banks v. State*, 494 S.W.3d 883 (Tex. App.—Houston [14th Dist.], May 12, 2016, pet. ref'd) (ECF No. 11-4); *Banks v. State*, No. PD-0089-17 (Tex. Crim. App.).

On June 18, 2018, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court convictions, but the Texas Court of Criminal Appeals denied the application without written order on October 24, 2018. *Ex parte Banks*, No. 86,051-02 (Tex. Crim. App.); (ECF Nos. 12-10, 12-16 at 25). While this application was pending, Petitioner also filed a second state habeas application in September 2018, which was eventually denied without written order on January 23, 2019. *Ex parte Banks*, No. 86,051-03 (Tex. Crim. App.); (ECF Nos. 12-19, 12-20 at 24). Petitioner later placed the instant federal habeas petition in the prison mail system on July 17, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final June 20, 2017, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions and life sentences expired a year later on June 20, 2018. Because Petitioner did not file his § 2254 petition until July 17, 2020—over two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed

previously, Petitioner first challenged the instant convictions in a state habeas application signed June 18, 2018, which was later denied October 24, 2018. While this application was pending, Petitioner filed another state habeas application challenging his convictions which was not denied until January 23, 2019. Accordingly, Petitioner's state habeas applications tolled the limitations period for a total of 220 days, making his federal petition due on Monday, January 28, 2019.[2] Again, Petitioner did not file his § 2254 petition until July 17, 2020, almost a year and a half too late.

**B.    Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his petition and again in his reply, Petitioner appears to request tolling based on the fact that, as a layman who lacks knowledge of the law, he was unaware of the limitations period until it had already lapsed. However, it is well-settled that a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v.*

---

[2]    Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

*Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply.

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his November 2014 convictions and life sentences, yet Petitioner did not submit his first state habeas corpus application challenging these convictions until June 2018 at the earliest, almost an entire year after his conviction became final following the denial of his PDR. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Moreover, Petitioner fails to provide any legitimate reason why he waited another year and a half after the denial of his second application to file the instant petition in this Court.

Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

**C.   Actual Innocence**

Finally, Petitioner contends his petition should not be barred by the limitations period because he is actually innocent of the crimes for which he was convicted. In *McQuiggin v. Perkins*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of

5

"actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Indeed, Petitioner's argument relies almost exclusively on evidence—conversations with the victim's mother wherein she allegedly told Petitioner while he was in jail that the victim had lied—that was available at the time of Petitioner's trial. This does not constitute "*new* reliable evidence," nor does it establish Petitioner's innocence. And while Petitioner baldly asserts that he has "newly discovered evidence" in the form of similar letters from the victim's mother sent after his conviction, he does not produce these letters nor demonstrate how they would undermine confidence in the outcome of his trial. As such, the untimeliness of Petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward

when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Emmett Jeffrey Banks's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 22, 2021.

                                            **DAVID A. EZRA**
                                            **SENIOR U.S. DISTRICT JUDGE**